# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: E.D. & D.M.**

**No. 14-1124** (Jackson County 13-JA-39 & 13-JA-40)

**FILED**

April 13, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother M.C., by counsel Susan A. Settle, appeals the Circuit Court of Jackson County's September 19, 2014, order terminating her parental rights to E.D. and D.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Katherine M. Bond, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Erica Brannon Gunn, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner alleges that the circuit court erred in finding that she did not successfully complete her improvement period, in holding a single hearing to address motions regarding her improvement period and termination of her parental rights, and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2013, petitioner was arrested for possession of materials consistent with the manufacture of methamphetamine and held at the South Central Regional Jail. At this time, D.M. resided with his father. Following petitioner's arrest, E.D.'s grandmother sought and obtained custody of him through family court, which referred the abuse and neglect allegations to the Circuit Court of Jackson County. Thereafter, the circuit court directed the DHHR to investigate. In June of 2013, the DHHR filed an abuse and neglect petition alleging that petitioner's substance abuse resulted in neglect. According to the petition, then-five-year-old E.D. was often unsupervised because of petitioner's substance abuse, with neighbors reporting that he would wander alone outside during the day. The petition further alleged that E.D. was often truant. Upon filing the petition, the DHHR obtained legal and physical custody of E.D., while D.M. remained in his non-abusing father's custody.

In July of 2013, petitioner entered into a stipulated adjudication by admitting that her substance abuse negatively affected her ability to parent the children and caused them to be abused and neglected. Thereafter, petitioner was granted a post-adjudicatory improvement period that was later extended. The improvement period's terms included the following requirements for petitioner: (1) complete a psychological and parental fitness evaluation and comply with the terms thereof; (2) complete a twenty-eight-day substance abuse treatment program and comply

with recommendations for further treatment; (3) comply with random drug testing; (4) attend at least three Alcoholics Anonymous/Narcotics Anonymous meetings per week; (5) attend and actively participate in individual therapy; (6) abstain from all alcohol and unprescribed drug use and refrain from misusing any prescribed medications; (7) ensure there were no drugs, alcohol, or other inappropriate things, people, or activities in the home and cease involvement with inappropriate relationships and activities; (8) obtain reliable transportation; (9) maintain contact with all service providers and her attorney; (10) comply with parenting services; (11) demonstrate a financial ability to care for the children; and (12) obtain clean, healthy, and appropriate housing.

In June of 2014, the guardian filed a motion to suspend petitioner's visitation with E.D. and later filed motions to revoke her improvement period and terminate her parental rights. These motions were based upon allegations that petitioner failed multiple drug screens, having tested positive for marijuana and Suboxone, and was facing revocation from the day report center where she received substance abuse treatment and submitted to drug screens. The DHHR filed a similar motion the next month. That same month, the circuit court held the first of several hearings on the motions to terminate that continued through August of 2014. The circuit court heard testimony regarding petitioner's failed drug screens and her failure to complete substance abuse treatment. Jeanette Eastham, the case manager from the day report center, testified that petitioner did not fully participate in the treatment program, was combative during treatment, and bragged to others that she would not have to complete the program because her final court hearing was scheduled to occur prior to the end of the program. Ultimately, in September of 2014, the circuit court entered a dispositional order finding that petitioner did not successfully complete her improvement period and terminated her parental rights. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's findings, the manner in which it held the dispositional hearing, or in its termination of petitioner's parental rights.

To begin, the Court finds no error in the circuit court's finding that petitioner did not successfully complete her improvement period. While petitioner argues that the circuit court's finding constitutes error because she substantially completed the majority of the numerous requirements imposed, the Court disagrees. Petitioner's argument on this issue minimizes her continued drug abuse during the pendency of the proceedings below by arguing that the only objective factor in finding that she failed to successfully complete her improvement period were her failed drug screens. Contrary to petitioner's argument that these failed screens were isolated and not representative of her overall compliance with the terms of her improvement period, the Court finds that this evidence appropriately supported the circuit court's finding.

The record is clear that the underlying conditions of abuse and neglect in the home were caused by petitioner's drug abuse. We have generally held that an improvement period constitutes an opportunity for a parent to modify the behavior underlying the conditions of abuse or neglect as alleged in a petition. *See In re Emily*, 208 W.Va. 325, 334, 540 S.E.2d 542, 551 (2000). Moreover, we have previously directed that

> "[a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child[ren]." Syllabus Point 6, *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991).

Syl. Pt. 4, *In re Faith C.*, 226 W.Va. 188, 699 S.E.2d 730 (2010). Contrary to petitioner's argument that service providers testified that she engaged in services, the circuit court heard testimony that petitioner did not fully participate in the substance abuse treatment program, was combative during treatment, and bragged to others that she would not have to fully complete the program. Based upon this evidence and our prior holdings, it is clear that the circuit court did not err in finding that petitioner failed to successfully complete her improvement period because the main condition of abuse and neglect, her drug abuse, persisted.

Next, the Court finds no error in the manner in which the circuit court conducted the dispositional hearing. Petitioner specifically argues that it was error for the circuit court to hold combined hearings on the guardian's and DHHR's motions and disposition. While petitioner argues that these combined hearings deprived her of notice that the circuit court was proceeding to disposition or that the DHHR sought to terminate her parental rights to both children, we find no error in this regard. Rule 31 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings states that "[n]otice of the date, time, and place of the dispositional hearing shall be given to all parties, their counsel, and persons entitled to notice and the right to be heard." The record is clear that both the DHHR and the guardian noticed petitioner of their intent to seek termination of her parental rights to both children. Moreover, the circuit court held no less than four hearings on the motions to revoke petitioner's improvement period and to terminate her parental rights, all of which petitioner and her counsel attended.

3

While petitioner argues that the manner in which these hearings were combined unfairly prejudiced her ability to prepare and present evidence, the Court disagrees. The circuit court specifically found that during these hearings "[a]ll parties were afforded the opportunity to present evidence and testimony with respect to their relative positions on the motions to revoke the improvement period[] . . . and to terminate the parental rights of [petitioner]." Further, petitioner provides no additional evidence or how such further evidence would have impacted the circuit court's decision. Our review of the record shows that the circuit court properly conducted multiple hearings on the issues of petitioner's improvement period and the ultimate disposition in regard to her parental rights. Further, it is clear that the same evidence supported the circuit court's decision with respect to both issues, and petitioner was free to present evidence and argue in support of her proposed disposition. For these reasons, we find no error.

Finally, the Court finds no error in regard to the circuit court terminating petitioner's parental rights to both children. While petitioner argues that termination was inappropriate because it was not the least restrictive alternative, the Court finds that the circuit court properly terminated petitioner's parental rights upon a finding that she could not substantially correct the conditions of abuse and neglect. Pursuant to West Virginia Code § 49-6-5(b)(3), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

The circuit court specifically made this finding in regard to petitioner, based upon the evidence above related to her non-compliance with the terms of her improvement period and her failure to correct the conditions of abuse and neglect created by her ongoing drug abuse.

Contrary to petitioner's argument that no evidence was submitted to establish why termination of her parental rights was in the children's best interests, the circuit court heard substantial evidence in this regard, including the fact that petitioner could not properly parent the children due to her drug abuse. Further, while petitioner argues that termination was not the least restrictive alternative in regard to D.M. because the child resided with his father, the Court finds no merit to this argument. We have previously held that West Virginia Code § 49-6-5 "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W.Va. 325, 344, 540 S.E.2d 542, 561 (2000). Further, "simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *Id.*

In the instant case, the circumstances clearly warranted terminating petitioner's parental rights to both children. As noted above, the circuit court specifically found there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and

neglect. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon this finding. We have also held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49–6–5 . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49–6–5(b) . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Because the circuit court properly found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect, termination of her parental rights to both children was not error.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 19, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: April 13, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II